IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
RAYMOND WAGONER                : CASE NO.  5:11 CV 0239
                                                               :
                              Plaintiff          :
                                                               :
            -vs-                                      : MEMORANDUM OF OPINION AND
                                                               : ORDER ADOPTING THE REPORT
                                                               : AND RECOMMENDATION
MICHAEL J. ASTRUE,                         :
COMMISSIONER OF SOCIAL         :
SECURITY                                            :

                              Defendant
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Plaintiff Raymond Wagoner ("Mr. Wagoner") challenges the Commissioner of Social Security's final decision denying his application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"), which he sought due to problems related to his back, neck, right knee, hips, right arm, heart, Barrett's disease, and depression.  This case was automatically referred to United States Magistrate Judge Kathleen B. Burke for a Report and Recommendation ("R&R"), pursuant to Local Civil Rule 72.2(b).  In her R&R, Magistrate Judge Burke found the Commissioner had not failed to make findings of fact unsupported by substantial evidence in the record, properly concluding that the Plaintiff was not entitled to benefits

1

because sufficient evidence supported the conclusion that he could perform a limited range of sedentary work. See 42 U.S.C. § 405(g). (Doc. 17). Through counsel, Mr. Wagoner has filed an objection to the R&R in which he argues, much as he did before the Magistrate Judge, that; (1) evidence indicates he exhibits more than mild mental impairment; and that, (2) occupational therapist Mary Kay Barnes' ("Ms. Barnes") report was improperly given short shrift. (Doc. 18). Ms. Barnes' report indicated that Mr. Wagoner was capable of performing sedentary work for only three hours a day.

The procedural and evidentiary history of this matter has been well told in the record and need not be reiterated here. For the reasons discussed below, the Court will overrule Mr. Wagoner's objections and adopt the Magistrate Judge's Report and Recommendation.

## I.  LAW AND ANALYSIS

**A.    Standard of Review for Administrative Decisions**

This Court examines the record to ascertain whether the Administrative Law Judge's ("ALJ") findings of fact and conclusions of law are supported by  "substantial evidence". Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" represents an intermediate standard between the minimal "scintilla" rule and the civil "preponderance of the evidence" standard. Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), and amounts to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Abbott v Sullivan, 905 F.2d 918, 922-923 (6th Cir. 1990). With its authority to "affirm, modify, or reverse" the administrative decision, "with or without remanding the cause for a rehearing," 42 U.S.C. § 405(g), this Court does not reconsider the case de novo, resolve conflicting

evidentiary matters, decide questions of credibility, nor "canvass the record and form its own conclusion," Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Further, even if substantial evidence, or a preponderance of the evidence supports a claimant's position, a reviewing court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003).

### B. Standard for Disability

Claimants are entitled to receive Disability Insurance Benefits and Supplemental Security Income Benefits if they establish disability as defined by the Act. 42 U.S.C. §§ 432(d)(1)(A), 1382(a)(1), 1382c(a)(1); Abbott v. Sullivan, 905 F.2d at 923. To meet the statutory requirement, a potential beneficiary must prove that "his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot . . . engage in any other kind of substantial gainful work." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting 42 U.S.C. § 423(d)(2)).

### C. Report and Recommendation Considered with Claimant's Objections

In reaching her recommendation, Magistrate Judge Burke addressed Mr. Wagoner's challenges to the ALJ's determination denying his DIB and SSI benefits. Mr. Wagoner contended: (1) the ALJ erred in finding that Mr. Wagoner's mental impairment is not a severe impairment (Doc. 14, pp. 14-15); (2) the ALJ erred in not according the opinions of therapist Norman Drively and occupational therapist Mary Kay Barnes great

weight (Doc. 14, pp. 15-18); (3) the ALJ erred in finding that Mr. Wagoner was capable of medium work with some restrictions (Id, pp. 18-19); and, (4) the ALJ erred in deciding this case at Step Four of the sequential evaluation (Id., p. 19).[1]  The Magistrate Judge thoroughly reviewed the record testimony and the briefs in this matter and provided cogent reasons for concluding that the ALJ's determination – that the Plaintiff was capable of medium work with restrictions – was supported by substantial evidence. (Doc. 17, pp. 18-24).  The ALJ determined that Mr. Wagoner was capable of performing past relevant work, as it is generally performed, as a security guard manager and as an emergency medical technician.

On 23 February 2012, Mr. Wagoner filed objections to the Magistrate Judge's R&R, reiterating the gravamen of his initial challenge in only two areas.  (Doc. 18).  The Commissioner did not file a responsive brief.  First, the Plaintiff maintains the Magistrate Judge erred by upholding the ALJ's determination that Mr. Wagoner did not have a severe mental health impairment.  The Plaintiff argues that Psychologist Robert F.

---

[1] In rendering a disability determination under the Act, 42 U.S.C. § 423(a), an ALJ is required to follow a five-step sequential analysis set out by agency regulation.  These five steps can be summarized as follows:
1. If the claimant is doing substantial gainful activity, he is not disabled.
2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
3. If claimant is not doing substantial gainful activity, is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if claimant's impairment prevents him from doing past relevant work.  If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
5. If claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520, 416.920.

Dallara's report, to which the ALJ gave "great weight", scored Mr. Wagoner at a range "indicative of moderate symptoms or moderate difficulty in one of the following: social, occupational, or school functioning." The Plaintiff then reasons that such "moderate symptoms" are more than "mild impairment" and cannot, thus, be regarded as non-severe. As such, the Plaintiff maintains his mental impairment is severe.

Second, the Plaintiff contends the ALJ and the R&R did not properly weight the evaluation of the occupational therapist, Mary Kay Barnes, assessing that Mr. Wagoner could not perform full-time sedentary work for more than three hours per day, with rest breaks and the ability to change positions. The Plaintiff reasons that the R&R improperly gave Ms. Barnes' assessment less weight because Mr. Wagoner had "self-limited in four of twenty categories." (Doc. 18, p. 3). The Plaintiff points out that his overall participation was good and that failure to finish "4 or fewer tasks" does not warrant further evaluation. Mr. Wagoner concludes the ALJ rejected Ms. Barnes' report upon this basis.

The Court finds no merit in the Plaintiff's objections to the thoroughly reasoned and supported Report and Recommendation. First, as to the severity of Mr. Wagoner's mental impairment, the record is clear from the reports of Dr. Nkangmine Ike, Plaintiff's treating physician, and Dr. Dallara, as well as from the Plaintiff's therapist, Mr. Drively, that the R&R properly found the evidence considered by the ALJ sufficient to indicate that Mr. Wagoner's depression and panic disorder were non-severe. See 20 C.F.R. §§ 404.1520(c) & 404.1521(a) & (b). None of the Plaintiff's treating acceptable medical source providers reported significant functional limitations arising from Mr. Wagoner's depression or anxiety. The record indicates a reasonable reliance upon the Plaintiff's

5

long-time treating psychiatrist, Dr. Ike, that Mr. Wagoner was stable with prescribed therapy. The record further indicates that Mr. Wagoner self-reported that there was nothing for him to be depressed about, that he attended University full-time during most of the period of claimed disabling mental impairment, that he helped care for his infant son, and that he was able to maintain attention and concentration during his medical examinations. The Court will conclude that the ALJ's finding, that Mr. Wagoner's mental impairments did not cause more than a minimal limitation in basic work activities, was supported by substantial evidence.

Second, the record supports the conclusion that Mr. Wagoner had the Residual Functional Capacity ("RFC") to perform a reduced range of medium work. In reaching this conclusion the ALJ accorded Ms. Barnes' opinion little weight that Mr. Wagoner was limited to a few hours of sedentary work. The assessment to give Ms. Barnes' opinion less weight was predicated, in part, on the Plaintiff's demonstrated self-limiting behaviors. Yet, the ALJ also regarded Ms. Barnes' opinion in light of Mr. Wagoner's concurrent, non-sedentary activities of attending college, participating in a police department internship, and providing care for his infant son. The ALJ may justifiably consider the Plaintiff's demonstrated ability to conduct daily life activities in light of claims of disabling pain. See Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 392 (6th Cir. 2004); Jones v. Comm'r of Soc. Sec., 1995 WL 675580 (6th Cir. Nov. 8, 1995). As such, the ALJ's finding that Mr. Wagoner possessed the residual functional capacity to perform a reduced range of medium work is proper and supported by substantial evidence. The Magistrate Judge did not err in upholding the ALJ's disability determination.

## **II. CONCLUSION**

This Court overrules the claimant's objections and adopts the Magistrate Judge's Report and Recommendation upholding the Commissioner's administrative denial of disability insurance benefits to Mr. Wagoner.

    IT IS SO ORDERED.

                                  /s/Lesley Wells
                                UNITED STATES DISTRICT JUDGE

Date: 19 March 2012